MAY BENTON, *Appellant,* v. J. O. BENTON, *Appellee.*

No. 17,020.

SYLLABUS BY THE COURT.

1. WILLS—*Former Construction Approved.*  The construction given to a clause of a will in *Benton v. Benton,* 78 Kan. 366, 373, is adhered to.

2. PARTIES—*Additional Necessary Parties Ordered Brought In.* On consideration of the evidence it is held that important questions involved in this action and arising upon the will above referred to can not be finally determined without bringing in additional parties and taking further proceedings.  It is directed that this shall be done.

Appeal from Shawnee district court.  Opinion filed May 6, 1911.  Modified.

*Z. T. Hazen, R. H. Gaw, J. K. Codding,* and *John Marshall,* for the appellant.

*Thomas R. Marks, E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is the second review of this case. (*Benton v. Benton,* 78 Kan. 366.) A new trial resulted in a judgment for the defendant, and the plaintiff, May Benton, now appeals.

It was held on the former hearing that the facts pleaded in the answer constituted a good defense, and the district court has found these facts to be true. If this finding would close the controversy, the judgment appealed from would not be modified, but important questions involved in the action arising upon the will of A. R. Benton and the trusts created in it are left undetermined, and it is believed that further proceedings should be taken. The will is as follows:

"I, A. R. Benton, do hereby make the following disposition of my property, should I never recover:

"(1) Three thousand ($3000) dollars life insurance held in Modern Woodmen of America to be divided as follows:

"To father and brother H. H. one thousand dollars— $1000.

"To my son Glenn two thousand dollars $2000 at his majority.

"Ten thousand dollars held in the New York Life disposed of as follows:

"(1) Two thousand dollars to unborn child at its majority.

"(2) Eight thousand to wife all of which is to be held in trust by J. O. and H. H. Benton without bond— they to pay heirs such rate of interest as shall be agreed upon, until children become of age—and she remains unmarried—in such case money shall fall to my legal heirs.

"The balance of my effects and personal property after all expenses are paid to be divided among my heirs and representatives according to the laws of the state of Kansas.

"In case of the death of either of my son Glenn during his minority or in case of the still birth of unborn child or its birth and death before majority all payments of interest to said children or anyone for them

or either of them shall cease and the several sums hereby bequeathed them shall be divided as heretofore.

"C. E. CYRENE.                    A. R. BENTON."
"A. HOOPER.

The matters now under consideration relate only to the disposition of the $10,000 referred to in the will. A. R. Benton died about March 1, 1898; his will was admitted to probate and J. O. Benton was appointed administrator with the will annexed.

The testator left surviving him, his wife, May Benton; his son, Glenn Benton (the child of a former wife) ; his father, J. O. Benton; and his brother, H. H. Benton. Shortly after the death of this testator, his widow gave birth to a child, who died soon afterward. J. O. Benton and H. H. Benton were partners in business when the will was probated, and the $10,000 referred to was collected by J. O. Benton as administrator and used in that business by the firm. On June 28, 1901, May Benton gave a receipt to J. O. Benton, administrator, for $2000 as insurance money "willed to unborn child, now deceased," and another receipt for $8000, in which she recites that it is "left to me in the will of said deceased." The latter receipt purports to release the administrator and his sureties from all further liability. On July 10, 1901, the administrator made final settlement in the probate court, wherein he charged himself with the $10,000 received from insurance, and was credited with the 2000-dollar and 8000-dollar items, respectively, as shown in the receipts, which were filed as vouchers. Nothing was paid to May Benton when the receipts were given, nor at any time except interest on the sums named, which was paid from time to time at the rate of seven per cent per annum, fixed by mutual agreement. The receipts were given and used for the purpose of settling the estate. Sometime in the year 1903 May Benton married H. H. Benton, one of the trustees named in the will. H. H. Benton afterward desired to withdraw

from the business of J. O. Benton & Son, wherein the trust money was invested, and after some negotiations it was agreed that J. O. Benton should be chargeable with seven-tenths of the trust fund of $8000 and arrears of interest thereon. Thereupon J. O. Benton gave the obligation upon which this action is based, as follows:

"Onaga, Kan., 2–24–1904.

"In the matter of the trusteeship of H. H. Benton and myself, I hereby acknowledge that I am personally indebted to Mrs. May Benton to the amount of $5993.62, which I agree to pay as soon as I can, together with annual interest at the rate of 6 per cent per annum.                                J. O. Benton."

May Benton receipted to her husband for part of the trust fund. She contends that by this arrangement the defendant, J. O. Benton, personally became indebted to her for the amount named in the instrument, and that the settlement with the trustee was a sufficient consideration therefor. There were no disputed facts, however, and the effect of this arrangement, if upheld, would be to remove that amount from the trust fund and apply it to the use of the plaintiff, May Benton, regardless of the rights of another beneficiary. It is said that this can not affect the rights of Glenn Benton, since he is not a party to the action, but no good reason is perceived why this arrangement should have the harsh effect contended for, and the trustees be left to make another accounting. At the settlement in the probate court the $10,000 should have been accounted for as having been paid to the trustees, as the will directed, and not to one of the beneficiaries, but no wrong was intended, and no injustice need result. As stated in the original opinion, the facts pleaded showed a want of consideration for the obligation sued upon and the fact that it was given as the result of negotiations and settlement, probably based upon a mutual misconception of rights and liabilities, affords no good

reason for the diversion of the trust fund or its application otherwise than as the will directs.

As the will was construed in the former opinion, it provides that the 8000-dollar fund should fall to the legal heirs of the testator, when the widow remarries, and this construction is adhered to—but if this were not so, it would still be disposed of in the same way under the concluding clause of the will, which provides for such division upon the death of the son then living or of the posthumous child, and the last-named contingency has happened.

It is contended by the defendant, J. O. Benton, that the term legal heirs in the connection found in this will does not include the widow, but that if it should be so held, still she is not entitled to share in it until Glenn Benton attains majority or until his death. As the case appears upon this presentation, in the absence of parties necessary to a final determination, it seems that the widow is entitled to share in this fund and that the time has arrived for its distribution, but this can not be finally determined in the absence of necessary parties.

This action was brought upon the theory that the trust, so far as the plaintiff was concerned, had terminated, and it was defended upon the theory that it was only necessary to show that the obligation related to a trust fund which could not be disposed of in the manner attempted. In our view the real matter for determination is the disposition of the trust fund, and although recovery could not be allowed upon the instrument itself, the plaintiff could, if the necessary parties had been before the court, have been allowed to recover her share of the trust fund. Section 40 of the civil code provides that the court must bring in other parties when necessary to a determination of the controversy, and this should be done. H. H. Benton, the other trustee, and Glenn Benton, the minor beneficiary, are such necessary parties.

No claim appears to be made respecting the $2000 bequeathed in trust for the unborn child, but it appears to have gone into the business of Benton & Son, with the $8000. Upon the birth and subsequent death of that child, this bequest, under the last clause of the will, should be divided between the plaintiff and Glenn Benton. We find no evidence that it has been paid over, and the trustees should account for it.

The judgment for the defendant, J. O. Benton, should be set aside and an order entered to bring in other necessary parties; an account should be taken of the trust funds, and interest due thereon, and distribution provided for, and judgment rendered according to the rights of the parties as they may be made to appear. The cause is remanded for further proceedings accordingly.