## PARKS et al. v. CLASSEN CO.

No. 24595.   Oct. 15, 1935.

E. E. Blake and C. W. Clift, for plaintiffs in error.

Keaton, Wells, Johnston & Barnes, for defendant in error.

PER CURIAM. This action was originally brought by the plaintiff, George Parks, against the defendant, the Classen Company, a corporation, for specific performance of a contract for sale of real estate. A demurrer was sustained to the petition and plaintiff appealed to this court, where the cause was reversed and remanded to the lower court, with directions to overrule the demurrer. An answer was filed by defendant and the cause thereafter tried before the Honorable R. P. Hill, district judge, who after hearing the testimony rendered judgment for defendant, holding in effect that the plaintiff had been guilty of laches and was not entitled to specific performance. After the cause was reversed and remanded to the district court for trial, E. E. Blake, C. W. Clift, Neil J. Baker, and Anderson Johnson, on application, were added as parties plaintiff with the original plaintiff, George Parks.

Upon the trial the evidence showed that in the year 1923 a flood washed away the improvements on the premises in question, and that from April, 1923, until February, 1930, plaintiff George Parks made no payments on the contract and did not pay or offer to pay any of the taxes assessed against the premises.

In the year 1929, it was discovered that the property had suddenly become valuable because of the discovery of oil near the premises in question. The plaintiff, learning this fact, in February attempted to and did tender defendant the amount unpaid upon the contract, which tender the defendant refused, claiming that plaintiff had abandoned his contract and was not entitled to specific performance.

There is a long and unbroken line of decisions which hold that if there is a long delay on the part of the purchaser in seeking performance, during which time the property has changed considerably in value, such delay will bar specific performance.

On the former appeal in this case this court held that a mere contract or covenant to sell and convey real estate at a future time, on condition that the purchaser perform certain acts or make certain payments, does not of itself create an equitable title in the purchaser. Parks v. Classen Co., 156 Okla. 43, 9 P. (2d) 432.

There was a sharp conflict in the evidence as to whether the plaintiff, George Parks, or the defendant, the Classen Company, was in possession of the property during the years from 1923 to 1930. No good purpose would result from a recital of this evidence. The trial court found the issues in favor of the defendant.

This is purely an equitable case and must be determined from the facts in this particular case. We believe it is a well established rule in equity that a contract for the conveyance of real estate at a future time, on condition that the purchaser perform certain acts or make certain payments, does not create an equitable title in the purchaser, and where the purchaser under such a contract fails for a long period of years to make payments according to the terms of the contract or to pay the taxes assessed against the premises during that time, the presumption is strong that he has abandoned his contract, and a court of equity is justified in finding that purchaser is guilty of laches and denying specific performance.

The trial court made a general finding in favor of the defendant, and it is presumed that he found all the issues in defendant's favor. As there is ample evidence to support the finding and judgment of the trial

court, same will not be disturbed by this court.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. M. Chase, H. C. Crandall, and Arthur G. Sutton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Chase and approved by Mr. Crandall and Mr. Sutton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur