## THREE-IN-ONE OIL & GAS CO.
## v. BRADSHAW.

No. 30673. March 30, 1943.

*135 P. 2d 992.*

Brown & Cund, of Duncan, for plaintiff in error.

C. H. Bowie, of Pauls Valley, for defendant in error.

HURST, J. Plaintiff Bradshaw sued the defendant Three-in-One Oil & Gas Company, owner of the mineral rights, and Boyd Turner Woolridge and wife, owners of the surface rights, and others, to quiet title to, and recover possession of, 110 acres of land in Garvin county. Plaintiff claims under a resale tax deed issued pursuant to the May, 1940, resale. From a judgment for the plaintiff against all defendants, Three-in-One Oil and Gas Company alone appeals.

1. Appellant first contends that the resale tax deed under which plaintiff claims is void on its face because it recites that the land was sold at the resale on May 21, 1940, which is eight days after the second Monday of that month, at which time the notice recited, and the statute required, that the sale should start, and that the resale deed does not recite the commencement of the sale on that day and the continuance of the sale from day to day thereafter during the eight-day period.

(a) Plaintiff argues that the fact that the deed was void on its face was not raised in the lower court by the general demurrer to the petition, to which a copy of the deed was attached as an exhibit, and the objection to the introduction of the deed in evidence on the specific ground that it is void on its face, and that consequently it is now trying to raise the question for the first time in this court. We do not agree with plaintiff's contention. We hold that the question now under consideration was properly raised by the demurrer to the petition (Dungan v. Independent School Dist., 182 Okla. 385, 77 P. 2d 1117) as well as by the objection to the introduction of the deed in evidence.

(b) The resale was held under the 1939 resale act. Section 8 of that act (68 O. S. 1941 § 432g) prescribes a form of resale tax deed. The deed in question is on that form. The deed, as provided in the prescribed form, contains this clause:

"Whereas, all proceedings, notices and duties provided, required and im-

posed by law prerequisite to the vesting of authority in said county treasurer to execute this resale deed have been followed, given, complied with and performed."

The purpose of this clause was to dispense with a detailed recital of the various steps leading up to the resale, which is sometimes held necessary in the absence of statute prescribing a form of deed or authorizing a summary statement of such steps. Cooley, Taxation (4th Ed.) § 1478. The prescribed form contains no clause reciting the commencement of the sale or the continuance of the sale from day to day. It simply recites the date of sale. The deed in question contains no recital that the sale was or was not commenced on the day prescribed by the notice and by the statute or that the sale was or was not continued from day to day. We are committed to the rule that the Legislature has a right to prescribe a tax deed form, and that a deed which complies with the prescribed form will be held valid and not void on its face. Cheney v. Cox, 125 Okla. 108, 256 P. 755; Treese v. Ferguson, 120 Okla. 235, 251 P. 91. In Cooley, Taxation (4th Ed.) § 1478, it is said that "if a form is given, and is followed, it must be held sufficient." See, also, 61 C. J. 1342.

The appellant relies on Gulager v. Coon, 93 Okla. 62, 218 P. 701, and a number of similar cases, decided under the prior law that prescribed no resale tax deed form, and which held resale tax deeds void on their face on the ground urged by appellant. But those decisions are not applicable in view of the provisions of 68 O. S. 1941 § 432g, prescribing a form of resale tax deed under the 1939 resale law.

We conclude that the deed in question is not void on its face.

2. Appellant also urges that regardless of the validity of the resale tax deed as to the surface rights, it did not have the effect of divesting it of title to the entire mineral interest in the land which it acquired by purchase in 1926. But here no contention is made that any minerals were produced from the land during the years for which it was sold for taxes so as to exempt the mineral interest from sale for ad valorem taxes under the decisions of Meriwether v. Lovett, 166 Okla. 73, 26 P. 2d 200, and McNaughton v. Beattie, 181 Okla. 603, 75 P. 2d 400. Where there is no mineral production from the land, the mineral interest goes with the surface by a resale tax deed. 68 O. S. 1941 § 432 f; Secrest v. Williams, 185 Okla. 449, 94 P. 2d 252. We conclude that the trial court properly held that the mineral interest was conveyed to the plaintiff by the resale tax deed.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.