JENKINS v. FREDERICK.

No. 35360. Dec. 16, 1952.

Rehearing Denied Feb. 17, 1953.

Application for Leave to File Second Petition for Rehearing Denied June 17, 1953.

*257 P. 2d 1058.*

Joy G. Clayton, Tulsa, for plaintiff in error.

Wesley E. Disney, Joe B. Houston, Gerald B. Klein, James P. Melone, and Garland Keeling, Tulsa, for defendant in error.

GIBSON, J. The parties will be given their trial court designations. Plaintiff in error was plaintiff, and the defendant in error was one of several defendants. Plaintiff filed his petition naming as defendants Dan A. Rowe, county treasurer of Tulsa county, the board of county commissioners and several other defendants, including Etta J. Frederick, alleging that the defendants claimed some right, title or interest in a described quarter section of land in Tulsa county. He alleged that he was the owner of the legal title in fee simple and in possession of the real estate, and had acquired his title by deed from one R. F. Henshaw, who in turn had acquired the title by a county treasurer's resale tax deed dated May 17, 1940, and duly recorded, and that the defendants had no title to the lands; that any rights claimed by them were lost and voided by said tax resale, but the claims of defendants constituted a cloud on the title of plaintiff. He prayed that his title be quieted.

Defendant filed an answer alleging that she was the owner of an undivided one-half interest in and to the oil, gas and other minerals under said property in so far as they may be produced from any sand below that generally described as the Glen Sand, and further that the purported tax sale, its proceedings and deed described in plaintiff's petition were wholly ineffective as to defendant's mineral interests and that said deed did not convey the mineral rights of defendant for the reason that oil had been discovered upon said land and the gross production tax was paid thereon during each year for which said land was purportedly sold for taxes. It was further alleged that the tax sale and deed were void for the reason that it was made for taxes unlawfully assessed and for taxes not yet due or delinquent.

The cause was tried and submitted on a stipulation of facts in which the agreed facts pertinent to the issues here presented were as follows:

On November 18, 1929, J. P. Flanagan, former owner, by mineral deed conveyed an undivided one-half the minerals in the involved land, produced below the Glen Sand, to William J. Frederick who died in 1938. The defendant is his widow, and she acquired his interest by mesne conveyances from the Frederick heirs. Oil was produced on the property, from the Glen Sand, and gross production taxes were paid thereon for the years 1929 to 1932, both inclusive, but there has been no production of oil since March, 1932. On November 3, 1930, the property was sold to Tulsa county for delinquent taxes for the year 1929. At the annual 1940 tax resale held on May 3, 1940, the property was sold by the county treasurer for taxes, including 1929 ad valorem taxes and all ad valorem taxes for the years 1931 to 1939, both inclusive. It is stipulated that the sale was made for and included the entire levy for the year 1939, and the notice of sale was first published April 11, 1940.

The purchaser was R. F. Henshaw and his resale tax deed, executed by the county treasurer, was issued May 17, 1940, and recorded May 20, 1940. Henshaw conveyed to plaintiff by quitclaim deed on June 4, 1940, and plaintiff has been in possession of the surface of said property at all times since said date.

Judgment was rendered for the plaintiff quieting his title as against all defendants except Etta J. Frederick. Judgment was in her favor on June 30, 1951, quieting her title to an undivided one-half interest in and to all oil, gas and other minerals in and under the real property that may be produced in any sand below the Glen Sand. Plaintiff appeals.

Plaintiff here urges that the judgment is contrary to and not supported by the evidence and that the judgment is contrary to law.

The resale tax deed under which plaintiff asserted his title was void. The factual situation, even to the year of the resale, is parallel to the case of Williamson v. Hart, 199 Okla. 328, 186 P. 2d 71, wherein we said:

"One of the irregularities in the tax resale procedure relied on by plaintiff was the fact that the property was sold in May, 1940, pursuant to advertisement beginning April 11th. Included in the amount for which the property was advertised and sold was the entire levy for the year 1939. The last quarter of these taxes did not become delinquent until May 1st, under the provisions of 68 O.S. 1941 §351. This court has held that, where the amount for which the property is advertised and sold includes an item of tax which does not become delinquent until after the first publication of notice of resale, the procedure is ineffective to give the county treasurer authority to sell the same and renders the resale tax deed based thereon void. House v. Mainka et al., 196 Okla. 174, 163 P. 2d 225; Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229; Carman v. McMahan et al., 198 Okla. 367, 178 P. 2d 626."

Plaintiff says that defendant is barred from asserting such defense by the statute of limitations, Tit. 12 O.S. 1951 §93:

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter:

"1. * * *

"2. * * *

"3. An action for the recovery of real property sold for taxes, within five (5) years after the date of the recording of the tax deed.

"4. * * *

"5. * * *

"6. Numbered paragraphs 1, 2, and 3 shall be fully operative regardless of

whether the deed or judgment or the precedent action or proceeding upon which such deed or judgment is based is void or voidable in whole or in part, for any reason, jurisdictional or otherwise; provided that this paragraph shall not be applied so as to bar causes of action which have heretofore accrued, until the expiration of one (1) year from and after its effective date."

Paragraph 6 did not appear in our statute until the amendment of S. L. 1949, c. 3, §1, p. 95.

The Legislature had some purposeful intent in enactment of this strict amendment. Prior to the amendment this court had upheld the short term statute as a bar to actions for the recovery of land sold at judicial sale even where the sale was void and not merely voidable, and we had held that such deed was sufficient to set the statute in operation. Dodson v. Middleton, 38 Okla. 763, 135 P. 368 (guardian's deed); Sandlin v. Barker, 95 Okla. 113, 218 P. 519 (administrator's deed); Green v. Wahl, 117 Okla. 292, 246 P. 419 (sheriff's deed); Goslen v. Waddell Inv. Co., 145 Okla. 269, 292 P. 362 (foreclosure sale).

But we had consistently held that the short term statutes of limitation did not apply in tax sale cases, where the deed relied upon was void. Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Farmers Nat. Bank, etc., v. Gillis, 155 Okla. 290, 9 P. 2d 47; Cunningham v. Webber, 171 Okla. 211, 42 P. 2d 244; Westerheide v. Wilcox, 190 Okla. 382, 124 P. 2d 409.

We do not find subsec. 6, supra, to be ambiguous.

"Where the language of a statute is plain and unambiguous, and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." In re Martin's Estate, 183 Okla. 177, 80 P. 2d 561.

The Legislature plainly says in subpar. 6 that paragraph 1 (relating to judicial sales); paragraph 2 (relating to sales by executors, administrators and guardians,) and paragraph 3 (relating to tax sales), shall all be fully operative as statutes of limitation against actions for the determination of adverse interests in real property, whether the deed relied upon is void or voidable, for any reason, jurisdictional or otherwise.

Defendant places great reliance upon Morton v. Van Orsdol, 203 Okla. 394, 222 P. 2d 520, where the fifteen-year statute of adverse possession was relied upon, and we found that such period had not run. But in that case we said:

"An action or defense against a void resale deed or a county commissioner's deed based on a void resale is not barred by any lapse of time alone or until there has been a lapse of time accompanied with actual occupancy of the land for the period prescribed by statute as sufficient to bar an action for recovery of the property."

The barring statute is subpar. 3, §93, Tit. 12, supra, under which the period of limitation for recovery of real property, or determination of an adverse interest therein, is five years. It is stipulated that plaintiff had been in physical possession of the surface of the property, collecting rents and paying taxes thereon since June 4, 1940. The resale tax deed was recorded May 20, 1940. The answer of defendant, attacking plaintiff's title under the tax deed, for the first time, was filed September 5, 1950, and the five year period of limitation had expired.

Defendant says that an adverse possession statute of limitations is not available to plaintiff for the reason that plaintiff has never been in possession of defendant's mineral interest and no statute of limitations operates in favor of one not in possession, and cites Deruy v. Noah, 199 Okla. 230, 185 P. 2d 189, and Noble v. Kahn, 206 Okla. 13, 240 P. 2d 757, wherein we held that where there has been a severance of the minerals from the ownership of the land adverse possession of the sur-

face is not adverse possession of the mineral estate. Both cases involved a title acquired by proceedings in the foreclosure of real estate mortgages.

In Secrest v. Williams, 185 Okla. 449, 94 P. 2d 252, we had a case similar in issues and status of the parties to the one now under consideration. Therein we said:

"The defendant in support of this contention cites a number of cases holding in substance that a conveyance of mineral rights creates a separate estate in the land, but the cases cited have no particular bearing upon the question herein involved, as none of them deal with the subject of taxation of mineral rights in nonproducing lands. * * *

"It necessarily follows that the sale of land for taxes passes title to the land, including the mineral rights therein, whether severed or not, to the purchaser, and therefore extinguishes the rights of the owner or owners of the land and of the mineral rights of any interest or estate therein."

We followed the same rule in cases dealing with resale tax titles in Hales v. Lee, 199 Okla. 110, 184 P. 2d 451; State ex rel., etc., v. Southland Royalty Co., 204 Okla. 284, 230 P. 2d 471. And in Sears v. Randolph, 195 Okla. 200, 156 P. 2d 595, we said:

"Where real estate was purchased by the county at an original annual tax sale for taxes levied and assessed for years during which the mineral rights therein were not subject to said sale, due to production of oil and the payment of gross production tax thereon, but subsequent to said time, and prior to resale and issuance of said resale deed, production of oil and the payment of the gross production tax ceased, and ad valorem taxes were assessed and became delinquent. Held: That the resale tax deed vests in the grantee an absolute and perfect title in fee simple to said real estate as against the owners of the mineral rights."

It is true that in Secrest v. Williams, supra, we were considering a valid tax deed, while in the instant case we are holding that the resale tax deed was void. This returns us to a consideration of the statute. Clearly the Legislature of 1949 intended that there shall be a limit of time within which deeds of the three classes mentioned in subsec. 6 can be attacked and that unless such actions were commenced within the designated period the right of each attack is lost. The statute was designed to force one who is not in possession to begin his action for recovery of his interest in the real property or to determine an interest adverse within the specified time or lose his right to attack the deed in question. As we have heretofore observed, this court had upheld statutes of limitation as being applicable to deeds issued in judicial sales and by executors and administrators, even though the deeds were issued pursuant to defective proceedings, but we held in Westerheide v. Wilcox and other cases, supra, that the short term statutes of limitation did not apply to void tax sales. When the Legislature in its 1949 amendment lengthened the period of limitation to five years and specifically provided that the periods of limitation in paragraphs 1, 2 and 3 should be fully operative regardless of whether the deed or judgment were based on proceedings that were void or voidable, for any reason, it is clear that it was intended to establish a uniformity of application of the prescribed limitations in all of the three designated classes of actions.

Cases are cited by the parties which apparently conflict one with the other. A review of the same with the idea of drawing distinctions would unduly lengthen this opinion. We observe that all such cited opinions were written before the amendment in 1949 and before subpar. 6 was enacted. No case has been called to our attention construing that amendment.

We must keep in mind that, in the instant case, plaintiff was in possession of the property at all times after his deed was recorded and for more than five years before defendant at-

tempted to attack the validity of his deed. Defendant was attempting more than an attack on validity of the deed. She was attacking the validity of a resale tax deed coupled with actual possession by the purchaser for the limitation period. We have seen that plaintiff's possession under his resale tax deed is possession of the entire property including the nonproducing minerals. Hales v. Lee and other cited cases, supra. Having lost her title to her mineral interests under the resale, when defendant pleads here that she has title and that plaintiff has no title to said minerals and seeks to have her title quieted, she is bringing an action for the recovery of real property from one who was in possession beyond the period limiting the time within which she could bring such action. This she could not do in face of the above statute.

Defendant suggests that if she is to be deprived of her rights in the minerals the statute is unconstitutional. We do not agree. In Cornelius v. Jackson, 201 Okla. 667, 209 P. 2d 166, the plaintiff claimed title based on a resale tax deed and the appellant was the owner of mineral interests. Therein we said:

"Where a statute authorizes a lien for ad valorem taxes to be foreclosed by advertisement and sale by the county treasurer, the proceedings thereunder relate to the land itself, rather than the owner thereof, and where the statute provides for notice and gives the right to any person owning the land, or any interest therein, to redeem the land from such taxes at any time before a tax deed is issued by the county treasurer, the statute affords due process of law, and the owner of the nonproducing oil, gas, and other mineral rights, whose interest in the land, in the name of the owner of the surface, is assessed, advertised, and sold for delinquent ad valorem taxes, is given equal protection of the law and is not deprived of property without due process of law."

Appeal to the United States Supreme Court was dismissed 335 U.S. 906, 69 S. Ct. 412, 93 L. Ed. 440.

Judgment of the trial court is reversed, with directions to enter judgment for the plaintiff quieting his title to the involved real property.

ARNOLD, C. J., HALLEY, V. C. J., and DAVISON and JOHNSON, JJ., concur. WELCH, CORN, O'NEAL, and BINGAMAN, JJ., dissent.