Ray BLAKELY et al., Plaintiffs In Error,

v.

J. F. McCRORY et al., Defendants In Error.

No. 36093.

Supreme Court of Oklahoma.

Oct. 12, 1954.

Hal .Welch, Hugo, Carloss Wadlington, Ada, for plaintiffs in error.

J. B. Moore, Otey, Johnson & Evans, by T. G. Johnson, Ardmore, E. W. Tate, Williams, Williams & Williams by E. H. Williams, Ardmore, for defendants in error.

ARNOLD, Justice.

Ray Blakely, et al. filed this action on November 29, 1952, in the District Court of Carter County, against J. F. McCrory, et al. alleging that they are the owners in fee simple and entitled to the immediate possession of certain real estate; that defendants are wrongfully in possession thereof, and asking that they be put in possession of said property and for other ancillary relief.

Plaintiff's first amended petition, after deraigning the title of each of plaintiffs from the original patentee, Simon Thompson, in and to the land in question, alleges that in April, 1929, the County Treasurer made a resale tax deed to said real estate to the Board of County Commissioners; that thereafter on September 3, 1929, the Board of County Commissioners made a deed based upon said resale tax deed to J. F. McCrory; that both said resale tax deed and the deed of the County Commissioners are void on their face; that thereafter, in November and December, 1929, said plaintiffs (or their predecessors in title) made deeds of their various interests to one E. A. Blythe, reserving unto themselves 31/32nds of the minerals in and under said lands which deeds were delivered to Blythe but not recorded by him; that on June 23, 1930, plaintiffs were in quiet and

peaceable possession of the lands; that on said date E. A. Blythe, acting for himself and for plaintiffs, entered into an agreement (a copy of which is attached to and made a part of the petition) with McCrory, holder of the tax deed, which agreement was filed of record on June 25, 1930, and which reads as follows:

"It is stipulated between E. A. Blythe and J. F. McCrory that whereas E. A. Blythe has deeds of conveyance from heirs of Simon Thompson now deceased for surface and one fourth royalty in and to the following described land to wit: (Description of the land is omitted for sake of brevity)

"And whereas J. F. McCrory has resale tax deed covering said land and the parties hereto Blythe and McCrory desire to adjust all differences in respect to said land preserving to said Blythe said interest arising under said deeds of conveyance which are now unrecorded and to his said grantors three fourths of the remaining royalty. With the further understanding that said Blythe will endeavor and assist in so perfecting said title as to transfer to said J. F. McCrory, an 88 form oil and gas lease on said land which in part is in his possession and unrecorded.

"It is agreed that E. A. Blythe will pay J. F. McCrory $270 by October 20, 1930, part evidenced by note for $200 now in McCrory's possession and then McCrory will execute conveyances clearing the record of said tax deed in respect to Blythe and his grantors in so far as it affects or will affect their three-fourths royalty.

"It is stipulated that J. F. McCrory will keep possession of said land undisturbed until said payments are made and then *attourn* same to said E. A. Blythe."

That after the execution of said agreement Blythe surrendered possession of said land to McCrory; that thereafter on November 29, 1937, McCrory placed of record the deeds which plaintiffs had made to Blythe, and which deeds Blythe had delivered unrecorded to McCrory for the purposes of title examination only; that when McCrory placed said deeds of record he struck out the reservation of mineral interests therein contained without the knowledge of Blythe or his grantors; that at the same time McCrory placed of record a purported warranty deed from Blythe to him which said deed was forged; that McCrory remained in possession of said lands from the date of the stipulation and agreement above set forth under the license and privilege granted him in said agreement until he constructively ousted plaintiffs by placing of record the forged and altered deeds and that he thereby repudiated and abandoned said stipulation and agreement; that defendants have taken the rents and profits from the land since said forged and altered deeds were placed of record, have leased same for oil and gas, granted pipe line rights of way, and leased the surface of same and have converted the moneys obtained by such actions to their own use; and pray that plaintiffs be granted possession of the property, that their title thereto be quieted, and that they have an accounting for the rents and profits from said lands.

The various defendants filed separate demurrers, identical in content, on the grounds that the petition does not state a cause of action, that the petition shows on its face that the action is barred by the statute of limitations, and that the resale deed referred to in the petition has been of record for more than five years so that any attack thereon is barred by the statute of limitations.

The court entered its order sustaining the various demurrers on the ground that the petition shows on its face that plaintiffs' cause of action is barred by the statute of limitations. Plaintiffs refused to plead further, the court entered judgment dismissing the cause and denying plaintiffs any relief, and plaintiffs appeal.

Plaintiffs contend that the statute of limitations, 12 O.S.1951 § 93 subds. (3) and (6), which provide that an action or defense against a resale tax deed which is

void on the face of the tax sale proceedings is barred from prosecution after five years from the date of recording said deed does not run in favor of a holder of such a deed, even though he is in possession of the premises, unless his possession is adverse under claim of reliance on the tax deed; in this connection they urge that McCrory's tax title was conceded by him to be void when he made the contract with Blythe which provided for redemption from his tax title claim; that the possession of McCrory was under and by virtue of said contract and did not become adverse until McCrory repudiated the contract by filing the alleged forged and altered deeds of record in 1937; that thereafter his possession, though adverse, was in reliance upon said allegedly forged and altered deeds and not on the tax title and therefore the only statute of limitations which could apply would be the 15 year period prescribed by subd. (4) of Section 93, 12 O.S. 1951; that this suit, being brought before 15 years had run from the date of filing said deeds, is not therefore barred.

 The contract quoted above upon which plaintiffs rely does not sustain the interpretation which they seek to give it. On the contrary, it clearly acknowledges McCrory's tax deed, asserts that McCrory will *keep* possession of the land (thereby acknowledging that McCrory had possession of the land under his tax deed), and that if Blythe by a certain date pays a certain sum McCrory will convey to Blythe and his grantors three-fourths of the royalty under said land. There is no allegation that Blythe ever paid such sum or fulfilled his agreement. At most the agreement is a contract to convey at a future date upon the performance of certain acts and payments. Such a contract does not create an equitable title in the purchaser until he performs the acts and makes the payments agreed upon. Lansford v. Gloyd, 89 Okl. 232, 215 P. 198. McCrory and his grantees have, under the allegations of the petition, had possession of the land, collected rents and profits therefrom, for a period of 22 years up to the date of the filing of this suit; the filing of the allegedly forged and altered deeds by

McCrory in 1937 would not change the character of his possession. As the petition shows on its face that McCrory has been in possession of the land for more than five years after the date of recordation of his tax deed the action is clearly barred under 12 O.S.1951 § 93, subds. (3) and (6), Jenkins v. Frederick, 208 Okl. 583, 257 P. 2d 1058.

 (Then, too, McCrory has been in adverse possession of the land for more than 15 years, for Blythe's right under the contract relied upon to pay the sum specified and receive conveyance of the royalty expired on October 20, 1930, and he could not have brought a suit for specific performance of the contract after five years from that date. Hurst v. Hannah, 107 Okl. 3, 229 P. 163.)

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.