AUTHORITY OF SUPERVISORY PERSONNEL
The language contained in 11 O.S. 548.3 [11-548.3](1) (1971), which reads "supervisory personnel who have the authority to employ or discharge employees" does not include employees who have the authority to recommend that a person be employed or discharged. The Attorney General has taken under consideration your request for a formal opinion contained in your letter dated December 10, 1971. In regard to the provisions of 11 O.S. 548.1 [11-548.1] through 11 O.S. 548.14 [11-548.14] (1971), you ask whether the language in Section 11 O.S. 548.3 [11-548.3](1) which reads ". . . supervisory personnel who have the authority to employ or discharge employees" is to include employees who have the authority to recommend that a person be employed or discharged? This Act is known and cited as the Firefighters' and Policemen's Arbitration Law and became effective on March 11, 1971. The subsection to which you refer reads in its entirety as follows: " 'Firefighters and policemen' shall mean the permanent paid members of any fire department or police department in any city, town or municipality within the State of Oklahoma but shall not include supervisory personnel who have the authority to employ or discharge employees and the chief of police and an administrative assistant and the chief of the fire department and an administrative assistant. The administrative assistant shall be that person so designated by the chief of the police department and that person so designated by the chief of the fire department. 'Policemen' as used herein shall be those persons as defined in 11 O.S. 541 [11-541]." (Emphasis added) It is important to our determination to note that the language underlined in the paragraph above is an exception to those persons who are to be included within the definition of ''firefighters and policemen". In the case of Cummings v. Board of Education, 125 P.2d 989, 993 (Okla., 1942) the Supreme Court of Oklahoma stated: "Ordinarily, with reference to exception contained in the statute of limitations, the maxim of 'expressio unius est exclusio alterius' applies and the expression of the exception excludes other exceptions of a similar nature not expressed. As stated in 34 Am.Jur. 153 the general rule is: 'While the courts as a general rule no longer read into statutes of limitation exceptions which are not embodied therein, the limitation statutes of the several states usually contain general or specific exceptions . . . Such exceptions in statutes of limitation are strictly construed, and cannot be enlarged from considerations of apparent hardship or inconvenience. The enumeration of specific exceptions by the legislature excludes all others by implication, and usually precludes the court from creating additional exceptions by judicial construction . . . ." (Emphasis added) The above quoted language from the case of Cummings v. Board of Education, supra, would seem to be determinative of your question. There is also an Oklahoma Statute, 25 O.S. 1 [25-1] (1971) which bears upon your question, and reads as follows: "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears, and except also that the words hereinafter explained are to be understood as thus explained." (The word "authority" is not later defined or explained in Title 25). In the case of Jenkins v. Frederick, 257 P.2d 1058 (Okla., 1953), the Supreme Court of Oklahoma has held that where the language of a statute is plain and unambiguous, and its meaning is clear and unmistakable, there is no room for construction, and the courts are not per- mitted to search for its meaning beyond the statute itself. Based upon the above cited cases and statutes, employees who have the authority to recommend that a person be employed or discharged are to be included within the definition of "firefighters and policemen" because they are not one of those specific exclusions from the general definition, and should not be excluded by implication. It is the opinion of the Attorney General that your question be answered in the negative. The language contained in 11 O.S. 548.3 [11-548.3](1) (1971), which reads "supervisory personnel who have the authority to employ or discharge employees" does not include employees who have the authority to recommend that a person be employed or discharged. (Odie A. Nance)