Sidney J. STANLEY and Agnes P. Stanley, husband and wife, Appellants,

v.

VELMA A. BARNES REAL ESTATE, INC., First National Bank and Trust Company of Norman, Oklahoma, the Heirs, Executors, Administrators, Devisees, Trustees, and Assigns, Immediate and Remote of Phil Smalley, Deceased, Yon and Yon, Attorneys at Law, United States of America ex rel. District Director of Internal Revenue, Appellees.

No. 50716.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 16, 1977.

Rehearing Denied Sept. 27, 1977.

Released for Publication by Order of Court of Appeals Oct. 20, 1977.

Turner O. Primrose, Norman, for appellants.

E. Joe Lankford, Norman, for appellee First Nat. Bank & Trust Co. of Norman.

Robert A. Flagler, Norman, for appellees, Heirs, Etc. of Phil Smalley, Deceased.

ROMANG, Judge:

This is an action to quiet title to real estate legally described as follows:

Lot 17, Block 2, Carpenter Addition to the City of Norman, Cleveland County, Oklahoma.

The defendants filed answers setting up claims against the property by reason of judgments or liens against Virgil Johnson and Donnis E. Johnson, who at one time had a Contract for Deed to the property, but who defaulted and thereafter executed a Quit Claim Deed to the seller, Bob Spann.

This case was heard on its merits before the court without a jury. After taking the case under advisement, the trial judge entered a Court Minute on January 12, 1977, which reads:

Answering defendants' claims found to have attached to equitable interest of Johnsons, and to be liens. If judgment not paid, foreclosure ordered.

Plaintiffs have appealed from an order overruling their Motion for New Trial. They present for reversal the following propositions:

PROPOSITION I: A contract for deed does not transfer equitable title until such time as said contract becomes complete by payment in full.

PROPOSITION II: Judgment liens are limited to the judgment debtor's actual interest in the property.

The sequence of events relevant to this appeal are as follows:

1. On January 11, 1972, the record owner of the real estate, Bob Spann, entered into a Contract for Deed with Virgil L. Johnson and Donnis E. Johnson. The Contract for Deed reads in pertinent part:

WHEREAS, Party of the Second Part desire to purchase said property for the sum of SEVENTEEN THOUSAND FIVE HUNDRED & NO/100 Dollars ($17,500.00) to be paid as follows:

(a) The sum of FIVE HUNDRED & NO/100 Dollars ($500.00) cash upon the signing of this agreement, the receipt of which is hereby acknowledged by Party of the First Part.

(b) The balance of Nine thousand seven hundred nine & 37/100 Dollars ($9,709.37) to bear interest at the rate of 6% per annum, said principal and interest to be paid at the rate of $156.60 per month commencing on the 11 day of February, 1972, . . .

\* \* \* \* \* \*

IT IS FURTHER AGREED AND UNDERSTOOD that said property is encumbered by a mortgage in favor of OKLA-

HOMA MORTGAGE COMPANY in the total original amount of $10,000.00, and that there is a balance of approximately $7,290.63 due on said mortgage . . ; that the sum as above set forth, is the full purchase price for this property, and Party of the First Part agrees to make the monthly payments as due on said mortgage and obtain a release therefor upon the full payment of this contract.

IT IS FURTHER AGREED that when the entire purchase price, including interest and charges have been paid, or when the balance due on the mortgage equals the balance due Party of the First Part under the terms of this contract, that Party of the First Part will make, execute and deliver to Party of the Second Part a good and sufficient Warranty Deed, conveying said premises free and clear of all taxes, liens and encumbrances, except any taxes, liens or encumbrances that may have accrued or may have been incurred by Party of the Second Part since the date of this agreement and except any leases, right of way grants and restrictive covenants of record, and except the unpaid balance of the mortgage above described, and shall furnish Party of the Second Part with an abstract of title without further certification than said abstract now bears.

IT IS FURTHER AGREED AND UNDERSTOOD that Party of the Second Part shall have possession of said premises on the 11 day of January 1972, and commit no waste or suffer any to be committed, and keep all buildings thereon in as good condition as they now are, usual wear and tear by the elements excepted; that Party of the Second Part agrees to pay all taxes and assessments that may become due on said property from and after this date; . . ..

IT IS FURTHER AGREED that any failure on the part of Party of the Second Part to faithfully keep and perform each and all of the above conditions, covenants and agreements, or to make any of the payments at the time and in the manner above specified or to pay the taxes and insurance shall render this contract void at the option of Party of the First Part, and Party of the First Part shall have the right forthwith to declare this contract at an end and to take immediate possession of the said property above described, and in such case Party of the First Part may retain all payments made as liquidated damages for non-performance of this contract on the part of Party of the Second Part and for the use of and injury to said property or as rental for said property.

2. The Johnsons failed to make any payments on the contract after June 1, 1974, and on September 16, 1974, they executed a Quit Claim Deed on the property to Bob Spann.

3. On October 24, 1974, Bob Spann and Barbara Spann executed a Warranty Deed on the property to Sidney J. Stanley and Agnes B. Stanley.

4. On July 21, 1976, the Stanleys filed this action to Quiet Title to the property.

5. Between January 11, 1972, the date of the Contract, and September 16, 1974, the date of the Quit Claim Deed by the Johnsons to Spann, certain judgments were obtained against the Johnsons and were entered on the Judgment Docket of Cleveland County. Also, a Federal Tax Lien against Virgil Johnson was filed in the office of the County Clerk of Cleveland County on May 12, 1972.

The real question for decision is whether the Johnsons ever acquired an equitable title in the real property against which the judgments entered on the Judgment Docket and the Federal Tax Lien could attach.

In *Parks v. Classen Co.,* 174 Okl. 237, 49 P.2d 1101 (1935), the syllabus by the court holds:

A contract for the conveyance of real estate at a future time, on condition that the purchaser perform certain acts or make certain payments, does not create equitable title in purchaser, . . . .

In *Ezzell v. Endsley,* 197 Okl. 194, 169 P.2d 309 (1946), the syllabus by the court states:

For a breach of a contract of sale of real property to be paid for in installments, where the title does not pass to the vendee until paid for in full and vendee takes possession vendor may sue to have contract cancelled for possession, and for damages for the breach.

And in the opinion the court said:

As stated by this court in *Lansford v. Gloyd*, 89 Okl. 232, 215 P. 198, a contract similar to the one before us is a covenant to convey land and no estate in land passes to the vendee until performance.

In *Lansford v. Gloyd*, 89 Okl. 232, 215 P. 198 (Okl.1923), the court syllabus reads:

A contract to convey at a future time certain real estate, on the performance by the purchaser of certain acts, and the payments, etc., provided therein, does not alone create an equitable title in the purchaser, but it is only when the purchaser performs or offers to perform the acts necessary to entitle him to the conveyance that he has such an equitable interest in the property, as is the subject of foreclosure.

Also see *Blakely v. McCrory*, 274 P.2d 1013 (Okl.1954).

In the case at bar, the Johnsons obtained only a right to purchase upon full performance of the terms and conditions of the contract, which they neither performed nor offered to perform, so no estate ever passed to them on which the judgment liens or the tax lien could attach. Consequently, the judgment of the trial court must be reversed, and this action remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

REYNOLDS, P. J., and BOX, J., concur.