ISAACSON et al. v. BRADSHAW.

No. 31028. March 14, 1944.

*146 P. 2d 838.*

R. E. Bowling, of Pauls Valley, for plaintiffs in error.

C. H. Bowie, of Pauls Valley, for defendant in error.

HURST, J. The plaintiff Bradshaw sued Ben Isaacson, Louis Goldstein, and others to recover possession of, and to quiet title to, 30 acres of land in Garvin county. The plaintiff claims under a resale tax deed which was issued pursuant to the May, 1940, resale. From a judgment for the plaintiff, Isaacson and Goldstein have appealed.

1. Defendants first contend that the resale tax deed under which plaintiff claims is void on its face for the reason that it recites that the land was sold on May 21, 1940, which was after the law required that the resale be held, and that the deed contains no recital of the continuance of the resale from day to

day. But the deed is on the form prescribed by the state, and is valid on its face. Three-in-One Oil & Gas Co. v. Bradshaw, 192 Okla. 309, 135 P. 2d 992.

2. It is further contended that the record shows that the land was sold at the 1940 resale to the Atlantic Municipal Corporation and not to the plaintiff. The return of sale filed with the county clerk, which was introduced in evidence, shows that the property was sold to the Atlantic Municipal Corporation. However, the plaintiff testified that he purchased the property at the resale, and that he borrowed the money with which to make the purchase from the Atlantic Municipal Corporation and paid for the property with a check from the company. The county clerk testified that the only deed ever filed in his office showing the sale of the property at resale was that issued to the plaintiff Bradshaw. The county treasurer testified that Bradshaw was the purchaser. The error in the return apparently occurred in preparing data for the return of sale by reason of the fact that the purchase money consisted of a check from the Atlantic Municipal Corporation. The evidence fails to overcome the presumption that Bradshaw was the purchaser enjoined upon us by 68 O. S. 1941 § 432h.

3. It is next contended that the land was not advertised in the name of the owner as shown by the last tax rolls in the office of the county treasurer. The last tax rolls listed "Louis Goldstein et al" as owners. The resale notice gave "Louis Goldstein" as the owner. The land was properly described in the notice. A description in an advertisement of a tax resale, which will enable the owner and prospective purchasers to identify and locate the land to be sold with substantial certainty, and which is not calculated to mislead, is sufficient to sustain the sale. Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848; Johnson v. Williams, 192 Okla. 163, 134 P. 2d 584. Under this rule the failure to include the characters "et al" could not have misled.

4. It is argued that the 1932 delinquent tax sale, on which the 1940 resale was based, was held on a day not authorized by law. Under the law it should have been held on November 7, 1932. At one place in the record the county treasurer testified that it was held on November 3rd, but he thereafter testified from his records that it was held on November 7th. Furthermore, the defendants in their answer alleged that the sale was held on November 7th. There is no merit in this contention.

5. It is argued that the land was advertised and sold at the resale for $50.84, when in fact the amount due was only $50.05. The county treasurer, however, testified that the amount due, including advertising fees, was $50.84. The record, therefore, shows no such error.

6. It appears from the record that plaintiff purchased a large number of tracts of land at said resale, and that many tracts were included in the resale deed to plaintiff. There is omitted from the deed, as it is copied in the record, all tracts except the one here involved. The deed recites a consideration of $3,-605.76 for all tracts included in the deed. It contains a description of the land here involved followed by the words and figures: "amount bid on each, $50.84." The defendants contend that, under these circumstances, the deed is void on its face for failure to recite that each tract was separately sold. He cites no authority in support of such contention, and we think it is without merit.

While the defendants do not separate their various contentions as required by rule 15 (177 Okla. vii), we believe we have passed upon all the contentions they intended to make.

Judgment affirmed.