KASNER et al. v. STANMIRE et al.

No. 31326. Dec. 19, 1944.

Rehearing Denied Jan. 30, 1945.

*155 P. 2d 230.*

W. F. Smith and Arnold Fleig, both of Oklahoma City, for plaintiffs in error.

Halley, Douglass, Felix & Douglass and Herman Merson, all of Oklahoma City, for defendant in error E. M. Stanmire.

O. J. Roberts, of Oklahoma City, for defendant in error Cora M. Merrill.

WELCH, J. There is presented here the validity of resale tax deeds and the proceedings of sale supporting same.

The land involved is two city lots separately assessed. Upon both lots there is a single substantial business building. The lots are properly described as lots 18 and 19, block 3, Caldwell's addition to Oklahoma City, Oklahoma county, Oklahoma, as shown by the recorded plat thereof.

The county purchased said lots at annual tax sale in 1939, 1940, and 1941. At the regular resale these lots were sold to plaintiff in error, Edith Wolfson, on May 14, 1942, and on May 22, 1942, the county treasurer of Oklahoma county executed an instrument designated "County Treasurer's Resale Tax Deed" to Edith Wolfson, describing lands as follows:

"Lots 18 and 19, Block 3, Caldwell's *First* Addition to Oklahoma City, Oklahoma."

This deed failed to show any date upon which the land was sold at resale.

Same was recorded on date of issue. On June 12, 1942, Stanmire, the owner or former owner, having just learned of the resale, tendered to the county treasurer in cash all taxes, interest, penalty, and costs assessed and charged against said lands. Such tender was refused.

On June 18, 1942, the county treasurer executed a "correction d e e d, County Treasurer's Resale Deed" to Wolfson, describing lots 18 and 19, block 3 in Caldwell's *First* addition to Oklahoma City, Oklahoma. This deed recites that such land was sold at resale on 5-14-42. Same was recorded June 18, 1942. There is no difference in the two deeds, except the latter or so-called "correction" deed does show the day of resale, which was omitted from the first deed.

The notice of the 1942 resale listed no land as being located in Caldwell's addition to Oklahoma City, Oklahoma, though the same did list lots 18 and 19, block 3 in Caldwell's *First* addition to Oklahoma City, Oklahoma, in the name of E. M. Stanmire.

Stanmire instituted this action to quiet his title as against the tax deed holder. His contention is that the notice is not in substantial compliance with law; that the advertisement and sale was for less than the total taxes, penalty, interest, and costs; that the original resale deed was not in substantial form provided by statute, and that both deeds are ineffective because they do not properly describe his property. The trial court, after full hearing, rendered a general judgment in favor of the plaintiff Stanmire.

We first examine into the sufficiency of the notice as relates to the description of the land. Title 68 O. S. 1941, §432, prescribes the contents of such notice. As concerns the present inquiry such section provides:

"Such notice shall contain a description of the estate to be sold ... "

Substantial compliance therewith is sufficient. Davis v. Fariss, 180 Okla. 125, 68 P. 2d 417, and King v. Slepka,

194 Okla. 146 P. 2d 1002, and other cases.

The description of the land is sufficient if the contents of the notice will enable the owner and prospective purchasers to identify and locate the land with substantial certainty, and the purpose of the notice is to warn the owner that his property is to be sold so that he can prevent sale by paying his taxes, and to advise prospective purchasers so that they can investigate the property and determine whether they want to bid. Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848.

The land description in the notice relied upon here by the tax deed holder is not a proper or true description of the Stanmire lots. This record contains no dispute in that respect. It follows that full compliance with statute in that respect is not shown. The notice is at best irregular, erroneous, and inexact in that respect, in which event it becomes necessary to examine into the question and determine whether there is substantial compliance with the statute.

We conceive it to be the law that substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. In this case such examination involved considerable evidence taken at the trial, and we think the inquiry became one of fact as properly treated by the trial court and the parties.

The evidence shows that the official plat in which the Stanmire lots are situated is officially designated as Caldwell's addition to Oklahoma City, Oklahoma. The notice of resale here was so constructed as to show all lots listed in any one of the many additions to Oklahoma City under a separate subheading in bold type designating the particular addition. Though there were designations therein of "Caldwell's 1st Addition," "Caldwell's 2 Addition" and "Caldwell's 3rd Addition," and many other additions, there is no reference in the notice to a "Caldwell's Addition." The evidence shows there is no addition in Oklahoma City officially designated as "Caldwell's 1st Addition."

We are not prepared to say as a matter of law that Stanmire, upon examining the notice, was required to do more than satisfy himself that no land in "Caldwell Addition" was advertised for sale. In view of the trial court's findings, we should not say as a matter of law that Stanmire was not, or could not have been, justified in relying on the fact that no land in his addition was to be sold. Nor can we say, against the trial court's determination, that the law would require that he search the notice as to reference to other descriptions. Nor are we to say as a matter of law, aside from any question of fact, that the description in this notice was in all events wholly sufficient to notify and attract prospective bidders who desired to buy the Stanmire lots but who knew from the records that the Stanmire lots were in "Caldwell's Addition," and that the notice contained no list of property within that addition.

It may be conceded that had Stanmire examined the notice under the heading "Caldwell's 1st Addition" and actually seen certain lots there listed in his name, the notice as to him might have been found to be sufficient, under all the facts in evidence, to serve the purpose of the statute, but as shown by the Davis case, supra, there is still the matter of the public policy to so give notice as to properly advise prospective bidders and to induce them to buy. One desiring to buy lots in a certain addition and willing to pay a fair price therefor could not be said as a matter of law to have been informed that such lots were offered for sale under a notice describing lots in an addition bearing another name.

We therefore conclude that the finding of the trial court to the effect that the notice of sale was not in substantial compliance with the statute, in the manner and for the reasons shown, is not against the clear weight of the evi-

dence. It will not support the resale deeds herein.

Our conclusion above renders it unnecessary to decide other points presented.

We affirm the findings and judgment of the trial court.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, and DAVISON, JJ., concur. HURST, J., concurs specially. ARNOLD, J., concurs in conclusion. RILEY, J., dissents.

HURST, J. (concurring in result but dissenting as to reasoning). I think the judgment appealed from should be affirmed, but not for the reason assigned in the majority opinion. The trial court made no findings of fact or conclusions of law, and the record does not disclose the reasons for the judgment.

1. I cannot reconcile the majority opinion with our prior decisions in Medaris v. Tracey, 170 Okla. 113, 39 P. 2d 30, Street v. Board of Com'rs, 180 Okla. 177, 68 P. 2d 514, and G. A. Nichols, Inc., v. Simpson, 194 Okla. 81, 147 P. 2d 437. The rule followed by these decisions, and which prevails generally throughout the country, is that a description of real property on the tax rolls, in a tax sale notice or in a tax deed, is sufficient if it does not mislead and if it identifies or designates with reasonable certainty the intended property, and, although not certain, if it is capable of being made certain, and that under such circumstances parol evidence is admissible to explain the description or apply it to the intended property. See 61 C. J. 716, 1183, 1353; Black on Tax Titles (2d Ed.) §§ 112, 208, 407.

There are three *Caldwell* additions to Oklahoma City, "Caldwell's Addition," "Caldwell's Second Addition" and "Caldwell's Third Addition." "Caldwell's Addition" is presumably the first one laid out bearing that name. The lots were described in the delinquent tax sale notice and the resale notice as being in "Caldwell's First Addition." The notice correctly designated E. M. Stanmire as the owner and the lot and block numbers. The record does not disclose that Stanmire owned lots in the other Caldwell additions, the lots and block numbers of which would fit the description of the lots in question. When we consider these facts along with the fact that there is no addition that bears the official designation of "Caldwell's First Addition," how can it be said that anyone could have been misled by the description as given? The parol evidence clearly established that only the lots here involved could have been intended by the notices. There being no dispute in the evidence on this point, it became a question of law for the court to determine whether the description was sufficient. Like this case, the above-cited cases involved an error as to the name of the addition or townsite in which the property was situated.

I assume, from what is said in the majority opinion, that the judgment would have been affirmed if the trial court had found the description to be sufficient. What, then, is the law in Oklahoma, where, as here, the description is not perfect and there is no dispute as to the material facts? Does the trial court have an absolute discretion to approve or disapprove a description under such circumstances? The question being one of law, this court should treat it as such so that there may be uniformity of decisions by the trial courts throughout the state.

2. The first resale tax deed omitted entirely any reference to the date of the resale of said lots. The applicable statute, 68 O. S. 1941 §432 (g), provides: "The resale tax deed shall be in substantially the following form: (then follows the form)." The form contains a recital showing the date of the resale. The use of the word "shall" indicates a legislative intention that the provision is mandatory. While the deed need not literally follow the prescribed

form, it must "substantially" do so, which means that no recital may be wholly omitted. The Legislature undoubtedly prescribed the form so that there would be certainty on a subject that had given this court considerable trouble. The general rule is that when the statute prescribes a tax deed form and requires that tax deeds substantially comply with such form, a deed that does substantially comply with the form will be held valid on its face, while one that fails to substantially comply with the form will be held void on its face. This is so because the Legislature, which has full power to prescribe such a form, has made it so. It is not for the courts to require recitals which the statute does not require or to dispense with recitals which the statute does require. The wisdom of such a statute is for the Legislature, not the courts. We have several times held that a deed which complies with said prescribed form will be held valid, not void, on its face. Three-in-One Oil & Gas Co. v. Bradshaw, 192 Okla. 309, 135 P. 2d 992; Isaacson v. Bradshaw, 193 Okla. 697, 146 P. 2d 838; G. A. Nichols, Inc., v. Simpson, above: It would seem to logically follow that a deed which does not substantially comply with the prescribed form should be held to be void on its face. And the authorities agree that this is the law.

"A statute prescribing a particular form must be followed substantially, and recitals required by law must not be omitted or the deed will be void." Cooley, Taxation (4th Ed.) § 1478.

"The Legislature having power to prescribe the form and requisites of a tax deed, where this power is exercised, it is sometimes held that the form becomes substance and must be strictly pursued or the deed will be void; but in most states it is held, and in some states expressly provided, that a substantial compliance with the statutory form will be sufficient, so that the deed need not be in the exact words of the statute, although it must comply substantially with the statutes prescribing its form." 61 C. J. 1340, § 1881.

"While it is not necessary, in such a case, to make the recitals in the words employed in the prescribed form, yet it is necessary that the recitals required in such form be substantially made, and if not so made, the omission is fatal to the deed. And it is undoubtedly the general rule that any and all recitals prescribed by the law, as necessary to be incorporated in a tax deed, must appear in it substantially as given, and that the omission of such recitals, or any of them, will be fatal to the validity of the deed." Black, Tax Titles, (2d Ed.) § 395.

"An exact compliance with the form of the statute is not indispensable. A substantial compliance is all that the statute calls for. Comp. Laws, 878, § 10. The time at which the sale is made is of course material, for a sale at a time unauthorized by law is void, and passes no title. Park v. Tinkham, 9 Kan. 615. The deed, then, should by fair construction show the time of the sale. If it follow the statutory form, this of course would be sufficient; but, if it depart therefrom, its departure should not be such as to leave uncertain that which was made certain by that form, to wit, the time of sale." Haynes v. Heller, 12 Kan. 381, 391. Reprint pages 299, 305 (opinion by Justice Brewer).

The foregoing authorities represent the prevailing view in this country. We have in the past generally followed the rules therein stated. The case of Haynes v. Heller, above, which has been subsequently followed, is squarely in point. The general rule, in the absence of statute, is that a tax deed must recite the date of the sale so as to show that the sale took place at a time authorized by law (61 C. J. 1347), and I do not find where we have held otherwise.

For many years our statute has prescribed a form of certificate tax deed, and has provided that such a deed "shall be substantially" in the prescribed form. This court has many times held that the failure of a certificate tax deed to substantially contain one of the required recitals renders the deed void on its face. See 68 O. S. 1941 § 454, and cases cited in the annotation. In Cochran v. Sullivan, 94 Okla. 23, 220 P. 870, this court held that a resale tax deed based

upon a resale held prior to 1923 should contain said recitals in addition to a summary recital of the resale proceedings. In Reeves v. Caldwell, 179 Okla. 501, 66 P. 2d 75, we relaxed this rule as to resale tax deeds based upon sales held prior to 1923 as to certain recitals, but not as to the recital as to the date of the sale. The Reeves Case has been subsequently followed, and I think it should be followed under the doctrine of stare decisis. But that line of cases should not be held to repudiate the well settled rule, above stated, that where the Legislature prescribes a tax deed form and requires that tax deeds substantially comply with the form, and is mandatory in its terms, failure of a deed to substantially contain one of the required recitals will render the deed void on its face.

The right of redemption exists until a resale deed is issued. 68 O. S. 1941 § 433a. And, until a tax deed valid on its face is issued, the former owner has the right of redemption, and after the redemption money is lawfully tendered the county treasurer is without authority to issue a valid correctional deed. Gulager v. Coon, 93 Okla. 62, 218 P. 701. It follows that the correctional deed issued after Stanmire duly tendered the treasurer the redemption money is invalid.

For the foregoing reasons, I concur in the result of affirmance, but respectfully dissent to the reasoning of the majority opinion.