JOINT SCHOOL DISTRICT No. 5 OF CITY OF MAYVILLE, etc., Plaintiff and Appellant, v. JOINT COUNTY SCHOOL COMMITTEE OF DODGE AND FOND DU LAC COUNTIES, Defendant and Respondent: JOINT SCHOOL DISTRICT No. 5 OF VILLAGES OF LOMIRA AND BROWNSVILLE, etc., Intervening Respondents.

*March 2—March 31, 1964.*

For the appellant there was a brief by *Allan & Storck* of Mayville, and oral argument by *Lloyd Allan.*

For the.respondent there was a brief and oral argument by *Frederick R. Schwertfeger,* corporation counsel of Dodge county.

For the intervening respondents there was a brief and oral argument by *John William Calhoun* of Fond du Lac.

BEILFUSS, J. The principal issue is whether the Joint County School Committee lost jurisdiction to act upon the petition of December 7, 1962.

"40.02 COUNTY SCHOOL COMMITTEE. . . . (5) *Joint Committee.* If the territory to be affected by a proposed order of a county school committee lies in 2 or more counties the county school committees of said counties shall act as a joint committee. The secretaries shall agree which county superintendent shall act as secretary of the joint committee and on the time and place and give notice of a public hearing as provided in s. 40.025 (2). . . ."

"40.025 GENERAL PROVISIONS RELATING TO REORGANIZATION. (1) *Jurisdiction; acquisition, continuance and loss thereof.* (a) Jurisdiction of a reorganization authority, other than the state superintendent, to make orders of school district reorganization under s. 40.03, 40.06, 40.07, 40.12, 40.14, 40.15 or 40.807 is acquired upon the filing of a petition or the giving of notice of a public hearing when a reorganization authority acts upon a resolution adopted upon its own motion.

". . .

"(d) Jurisdiction acquired pursuant to par. (a) is lost:

"1. Upon failure of the reorganization authority to substantially comply with the procedural steps required by law to be taken by it prior to the issuance and filing of an order of school district reorganization; . . ."

"40.03 SCHOOL DISTRICT REORGANIZATION. (1) *Petition, hearing, order.* Upon the filing of a petition of an elector residing in the area of a proposed reorganized district or upon a resolution adopted upon its own motion, the county school committee may order the reorganization of school districts within the county, subject to the referendum provisions of sub. (6). The secretary of the committee shall set a date for a public hearing on the proposed reorganization which shall be held not more than 30 days after the filing of the petition or the date on which the committee ordered such a hearing when the committee initiated the proceedings, at a place within the district proposed to be reorganized or within a reasonable distance of such district. If a proposed order is subject to joint committee action, the secretaries of the several committees shall agree which county superintendent shall act as secretary of the joint committee and on

the time and place for a public hearing, which shall be held simultaneously with the meeting of the joint committee to adopt an order therefor. Notice in writing of the time and place of the hearing shall be given as provided in s. 40.025 (2). Within 30 days after the hearing on any proposed plan of reorganization and before the making of any order thereon, the committee shall hold a conference on the proposed order of reorganization with the school boards of the districts involved. The committee action taken shall represent the decision reached at this conference and an order conforming therewith shall be made within 10 days and filed with the county superintendent as provided in s. 40.025 (5).

"(a) If the county school committee determines that a petition filed under this subsection is identical with or essentially similar to a petition on which it has acted during the past year, it may set the date for a hearing approximately one year from the date on which it held its last hearing on the matter. The petitioners may require that the hearing be held as provided in the introductory paragraph to this subsection if they agree to pay all costs involved, and post bond to cover the cost of the hearing."

The Mayville district, in support of its contention that the Joint County School Committee lost jurisdiction to act upon the petition of December 7, 1962, asserts: (1) That the petition was not "identical with or essentially similar to a previous petition on which it has acted during the past year;" (2) that the county school committees did not make a determination that the petitions filed were identical; (3) that the committees lost jurisdiction by not holding a hearing within thirty days from filing of petition; and (4) that even if the petitions were identical or essentially similar the committees did not act within one year from the date of the previous hearing.

The trial court held that while the petition of December 7, 1962, was not identical with the petition acted upon by

the Dodge County School Committee on March 8, 1962, that it was essentially similar.

The petition acted upon on March 8th covered 11,830 acres. The petition of December 7th covered exactly the same area less 240 acres. The petition acted upon March 8th attached the area to Mayville. The petition of December 7th asks that the area be detached from Mayville and attached to Lomira. Upon the face of the petition the area was essentially similar and the relief asked for was essentially similar to issues considered by the committee in its order of March 8th.

If Mayville had changed its position by virtue of the order of March 8th it could make that fact known at the hearing, noticed and held on March 14, 1963.

The interest of Mayville was to reject or deny the petition. It is difficult to see that a determination that the petition of December 7, 1962, was essentially similar and a delay of a hearing upon the petition could be detrimental to its interests. The statute [1] recognizes that a delay might be detrimental to the petitioners by providing that the *petitioners* may require a hearing within thirty days by posting a bond to cover the cost of the hearing.

The determination that the petition of December 7, 1962, was essentially similar to petition acted upon March 8, 1962, is amply supported by the facts in the record.

The remaining contentions as to loss of jurisdiction will be considered together. As noted above, sec. 40.025, Stats., provides that the committee loses jurisdiction if it fails to substantially comply with the procedural steps required by law.

In the recent case of *School Board v. State Superintendent* (1963), 20 Wis. (2d) 160, 178, 121 N. W. (2d) 900, the

[1] Sec. 40.03 (1) (a), Stats.

appellant contended that jurisdiction was lost by failure to serve notices as provided by statute. We held in that case:

"We deplore these statutory notice defects. They should not occur; however, only substantial and not strict compliance with the statutory requirements was necessary in order for the municipal boards to retain jurisdiction. Sec. 40.025 (1) (d) 1, Stats. The failure to comply with the statute in giving notice to the superintendent of Manitowoc county was unintentional, as were the other notice defects. These failures probably caused the absence of two officials from the hearing but their absence was not prejudicial to the cause of the appellants for they prevailed at the hearing by obtaining a rejection of the petition. In view of these circumstances to hold that jurisdiction was lost would be to sacrifice substance for form. In our opinion the statute was substantially complied with, and the municipal boards did not lose jurisdiction."

The petition in question was filed December 7, 1962, with the Dodge County Committee. Admittedly, the petition, if granted, would affect districts in both Dodge and Fond du Lac counties.

The Dodge County Committee met on December 13, 1962. The minutes of that meeting contain the following:

"The second petition presented was the petition on a Theresa area, including the eastern part of the Town of Theresa with the Village, which calls for detachment from Mayville and attachment to Lomira. It was concluded by the committee that the petition was identical with or essentially similar to the petition on which they had acted on the 8th day of March, 1962. It was also concluded that because of the need of a joint school committee action by Dodge and Fond du Lac Counties that the matter of setting the date and the place for a hearing should be done at a meeting of both counties. Seeing that such committees have a date set for another hearing at Fall River on December 18, 1962, it was concluded to take up the matter of setting a date and place, anyplace, for holding a hearing presented by both of the com-

mittees doing so. The secretary of the County School Committee of Fond du Lac County was to be instructed to have a sizable membership of his committee present at that meeting so that the conclusion on the above-stated petition could be made."

The Fond du Lac County Committee did not attend the meeting of December 18, 1962, but the Dodge County Committee did set January 7, 1963, as the day for hearing the petition of December 7, 1962, it being the next joint meeting to be held with the Fond du Lac Committee. The minutes of the joint committees of Dodge and Fond du Lac counties held on January 7, 1963, read as follows:

"A discussion was then held about the date, time, and place to hear the petition of the people of Theresa who want to be detached from Joint School District No. 5 of the city of Mayville, et al, and attached to Joint School District No. 5 of the Village of Lomira, et al. A motion was made by Louis L. Dinkel, seconded by Edward J. Michels, that Thursday, March 4 [sic], 1963, at 8:00 P. M. in the American Legion Hall in the Village of Theresa be the date, time, and place to hear this petition, and the motion was carried."

The meeting of the joint committees was held on March 14, 1963. The petition was acted upon favorably and the area in question was detached from Mayville and attached to Lomira.

Neither the minutes nor the record reveal that the determination of "essentially similar" was by resolution or formal motion or that the Fond du Lac committee specifically passed upon the matter other than to agree upon the hearing date of March 14, 1963.

As the trial court stated, we recognize that county school committees are not ordinarily staffed by persons skilled in parliamentary procedure or with legal background. From the record, it is clear that the Dodge county committee did "conclude" that the petitions were essentially similar. The reasonable inference is that the Fond du Lac County Committee

concurred by agreeing to the hearing date and participating in the hearing without objection. The statute does not specifically prescribe the form of the committee's determination. We, therefore, conclude, as the trial court did, that the fair and reasonable ascertainment from the record is that the joint school committees did determine that the petition of December 7, 1962, was essentially similar to one acted upon within the year.

Sec. 40.03 (1), Stats., provides in part: "The secretary of the committee shall set a date for a public hearing on the proposed reorganization which shall be held not more than 30 days after the filing of the petition. . . ." Sec. 40.03 (1) (a) provides: "If the county school committee determines that a petition filed under this subsection is identical with or essentially similar to a petition on which it has acted during the past year, it may set the date for a hearing approximately one year from the date on which it held its last hearing on the matter. . . ."

The first section deals with the ministerial duty of the secretary, the other with the determination of the committee. The latter section does not specifically require that the committee make the "determination" within thirty days. It gives the committee the right upon making the determination to retain jurisdiction and set the hearing. In any event, the determination was made within thirty-one days, which we hold to be substantial compliance as required by the statute.[2]

The last hearing on the prior petition to attach Theresa to Lomira was held on March 8, 1962; the last hearing to attach Theresa to Mayville was April 5, 1962. The hearing on the new petition on March 14, 1963, was clearly within the statutory direction of "approximately one year from the date on which it held its last hearing on the matter." We, therefore, hold that procedural statutes were substantially com-

[2] Sec. 40.025 (1) (d) 1, Stats.

plied with and that the joint committees had jurisdiction to act upon the petition of December 7, 1962, at the hearing of March 14, 1963.

Sec. 40.025 (1) (d) 7a, Stats., provides that the committee shall lose jurisdiction if it fails to make an order of reorganization within ninety days following the filing of a petition proposing such reorganization. In this instance the petition was filed on December 7, 1962, and the order of reorganization made by the committee March 14, 1963,—a period of ninety-six days. Sec. 40.025 (1) (d) 7a has no application in those instances where the committee determines the petition to be identical or essentially similar to one acted upon within the year as is the case here.

The Mayville district also contends that the joint committees abused their discretion in detaching the area from Mayville. The burden to prove abuse of discretion is upon the appellant, Mayville. There is no showing that the joint committees acted arbitrarily or in abuse of their authority, nor that any person in interest was denied an opportunity to be heard. The fact that Mayville is subject to the bond issue of May 28, 1962, is not sufficient to show an abuse of discretion.[3] The bond issue was authorized by a referendum of October 23, 1961, several months before Theresa was attached to Mayville. We assume in the absence of proof to the contrary that the facilities of Lomira either were adequate or that the committees had reasonable assurance they would be. The record does not sustain a claim of abuse of discretion.[4]

An additional issue raised by the new district, the intervening respondent, requires consideration. It is the contention of the new Lomira district that the petition for

[3] *State ex rel. West Allis v. Dieringer* (1957), 275 Wis. 208, 81 N. W. (2d) 533.

[4] *Reinders v. Washington County School Comm.* (1962), 15 Wis. (2d) 517, 113 N. W. (2d) 141.

referendum was filed prior to the appeal from the order of the joint committees and that the referendum superseded and stayed the appeal from the order of the committees.

Both the petition for referendum and the notice of appeal must be filed within thirty days.[5] The petition for referendum and the notice of appeal were filed on April 11, 1963. The petition for referendum was filed at 2:30 p. m. and the notice of appeal at 4:15 p. m. Under the statute both the referendum and the appeal from the order stay the order of the committee. It does not follow that an aggrieved party cannot pursue both remedies. If the order of the committee is determined upon appeal to be valid it can be further challenged by a timely petition for referendum. In this instance, the issue is not critical for the reason that both the judicial appeal and the referendum [6] approved the order of the joint committees.

While there may be an argument that the committees did not strictly comply with statutory procedural directions, we hold, without hesitation, that there has been substantial compliance. The substance of the petition of December 7, 1962, has had the approval of not only the joint committees after public hearing but also electors of all the territory considered. Slight procedural deficiencies should not defeat clear substantive determinations of authorities empowered and directed to determine school district reorganizations.

*By the Court.*—Judgment affirmed.

---

[5] Sec. 40.03 (5) and (6), Stats.

[6] Result of Referendum:—For, 1,087; against, 228.