Joint School District No. 1, Towns of Waterville, etc., and others, Appellants, v. Joint County School Committee of Buffalo, Dunn, and Pepin Counties, and another, Respondents.

*January 7—February 2, 1965.*

438

For the appellants there was a brief by *Gerald D. Lorge* of Bear Creek, and *Edgar E. Becker* of Appleton, and oral argument by *Mr. Becker.*

For the respondents there was a brief by *William Wohlfeil* of Menomonie, and *Fugina, Kostner & Ward* of Osseo, and oral argument by *La Vern G. Kostner.*

CURRIE, C. J. The issue on this appeal is whether the failure to comply with the statutory requirements with respect to service of the notice of hearing upon the clerk of the town of Eau Galle, and the sending to such clerk by registered mail of a certified copy of the Joint Committee's order, are jurisdictional defects which rendered the order void.

The key statute in resolving the issue with respect to the failure to give notice of the hearing to the town clerk is par. 1 of sub. (1) (d) of sec. 40.025, Stats., which provides:

"(d) Jurisdiction acquired pursuant to par. (a) is lost:
"1. Upon failure of the reorganization authority to *substantially* comply with the procedural steps required by law to be taken by it prior to the issuance and filing of an order of school district reorganization; . . ." (Italics supplied.)

Other courts define substantial compliance in various ways:

*Kasner v. Stanmire* (1945), 195 Okla. 80, 82, 155 Pac. (2d) 230:

"We conceive it to be the law that substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served."

*Stasher v. Harger-Haldeman* (1962), 58 Cal. (2d) 23, 29, 22 Cal. Rptr. 657, 372 Pac. (2d) 649:

"Substantial compliance, as the phrase is used in the decisions, means *actual* compliance in respect to the substance essential to every reasonable objective of the statute."

The Arkansas court in *Trussell v. Fish* (1941), 202 Ark. 956, 961, 154 S. W. (2d) 587, states that what constitutes "substantial compliance" with a statute is a matter depending on the facts of each particular case.

The apparent objective of the statute in requiring notice to be given to the clerk of each town affected by the reorganization is to allow the towns to protect their interest if any be affected. It is a shield to protect the town and is not a sword available to anyone who desires to attack a reorganization order.

In this case under the facts of the record every reasonable objective of the statute appears to have been served. The party who did not receive actual notice, the town clerk of

Eau Galle, is not complaining here, nor does it appear that the town was in any way prejudiced.

The clerk of the town of Eau Galle testified: When she receives school-reorganization notices she takes them to the next regular monthly town meeting. She has never called a special meeting for the purpose of discussing a school notice. No special meetings were held in October, 1962. The town held its meeting the first Friday of each month, and, had she received notice of the instant hearing before the Joint Committee, she would have taken it to the next meeting.

The notices were mailed on October 15th. The hearing was held and the order was issued October 29th. Had notice been sent to the clerk of the town of Eau Galle it would not have been presented to the town board until the first Friday in November. Since the notice was published in a local newspaper the members of the town of Eau Galle had constructive notice of the hearing. The clerk regularly receives the newspaper in which the notice of hearing was published.

While there may be situations such as in *State ex rel. La Crosse v. Rothwell* (1964), 25 Wis. (2d) 228, 130 N. W. (2d) 806, in which a municipality already in a school district may deem it disadvantageous to have additional territory attached to the district, this is not such a case. No municipality already lying within the boundaries of the Durand school district opposed the instant attachment of additional territory to the district. This leads to the inescapable inference that the town of Eau Galle benefited from the attachment.

From all of the foregoing we conclude that the town of Eau Galle was not prejudiced by the Joint Committee's order of October 29, 1962. Because of this we determine that there was substantial compliance with the notice provisions of sec. 40.025 (2), Stats., and the order was not void because of the failure to have given notice to the clerk of the town of Eau Galle by mail or personal service.

We deem *School Board v. State Superintendent* (1963), 20 Wis. (2d) 160, 121 N. W. (2d) 900, to be directly in point on this issue of substantial compliance. The parties in that case attempted a school-district reorganization under sec. 40.06 (1) and (2), Stats., by action of the boards of the municipalities in which lay the property to be detached from one district and attached to another. Later the determination of the joint municipal boards was appealed to the state superintendent of public instruction. His decision was attacked on the ground that jurisdiction had been lost by the joint municipal boards because of certain defects in giving notice of the hearing. In rejecting this contention the court stated (at p. 178) :

"We deplore these statutory notice defects. They should not occur; however, only substantial and not strict compliance with the statutory requirements was necessary in order for the municipal boards to retain jurisdiction. Sec. 40.025 (1) (d) 1, Stats. The failure to comply with the statute in giving notice to the superintendent of Manitowoc county was unintentional, as were the other notice defects. These failures probably caused the absence of two officials from the hearing *but their absence was not prejudicial to the cause of the appellants for they prevailed at the hearing* by obtaining a rejection of the petition. In view of these circumstances to hold that jurisdiction was lost would be to sacrifice substance for form. In our opinion *the statute was substantially complied with,* and the municipal boards did not lose jurisdiction." (Emphasis supplied.)

The instant appellants attempt to distinguish that case from this one on the basis that the former involved a two-step reorganization procedure as distinguished from the instant one-step procedure. Appellants argue that the state superintendent in such two-step procedure exercises *de novo* jurisdiction, and, therefore, it is immaterial if any defect occurred in giving notice of the hearing before the joint municipal boards. *School Board v. State Superintendent, supra,* can-

not be distinguished on this basis because it was grounded on the premise that the state superintendent would lack jurisdiction to proceed if the joint municipal boards had lost jurisdiction before entering their order which was appealed to him.

For a recent school-reorganization case in which this court held there had been substantial compliance under sec. 40.025 (1) (d) 1, Stats., see *Joint School Dist. v. Joint County School Comm.* (1964), 23 Wis. (2d) 219, 127 N. W. (2d) 258.

The appellants' second contention that failure to mail a copy of the order to the clerk of the town of Eau Galle vitiated it seems adequately refuted by sec. 40.025 (7), Stats., which reads:

"(7) *Failure to Act.* Any failure of any officer to perform a mandatory duty imposed upon him by this section shall not affect the validity of any order otherwise lawfully made, but such officer shall be subject to the provisions of s. 946.12."

*By the Court.*—Judgment affirmed.