**OKLAHOMA WATER RESOURCES BOARD, Appellant,**

v.

**FOSS RESERVOIR MASTER CONSERVANCY DISTRICT, Appellee.**

**No. 45960.**

Supreme Court of Oklahoma.

Oct. 1, 1974.

Larry Derryberry, Atty. Gen., Robert H. Mitchell, Kay Karen Kennedy, Asst. Attys. Gen., Oklahoma City, for appellant.

Earl Q. Gray, pro se.

Meacham, Meacham & Meacham, by D. W. Meacham, Clinton, for appellee.

HODGES, Justice.

The sole issue to be determined on appeal is the establishment of the proper appropriative priority date of the Foss Master Conservancy District.

The Foss Master Conservancy District, (District) through the United States of America, claims a priority date of February 9, 1951, for 66,900 acre feet of the Washita River Stream System. This claim was denied by the Oklahoma Water Resources Board (Board). On August 12, 1969, the Board issued an order which determined the vested service rights in the Washita River System. The District was given 30,000 acre feet as a vested right with a priority date of February 9, 1951, and a permit of 36,900 acre feet with appropriative priority of July 25, 1968.

The District appealed the decision of the Board to the District Court of Custer County, Oklahoma. It asked for a modification of the Order to establish the priority for the vested rights of the United States of America and the District in the amount of 66,900 acre feet as of February 9, 1951. The appeal did not concern the denial of the use of water but the correctness of the appropriation dates.

The Board and the District filed a Stipulation of Facts and agreed that the appeal should be submitted to the court for decision with the understanding that counsel would file briefs with the court.

The following facts are, therefore, undisputed.

On February 9, 1951, Bureau of Reclamation, United States of America, wrote a transmittal letter accompanied by its 279 page Plan of Improvement of the Washita River Sub-Basin, Oklahoma, and Texas, to the Oklahoma Planning and Resources Board (predecessor of Oklahoma Water Resources Board).

On September 22, 1953, the governor of the State of Oklahoma in a letter to the President of the United States assured him that "we have earmarked all unappropriated waters in the Washita River which can be made available to these projects."

A plan for the Washita Reclamation Project was submitted to Congress in 1956. Congress enacted legislation which authorized the Secretary of the Interior to begin the reclamation project based on the report. The total cost to the United States of the Reservior and Aqueduct System was approximately $27,000,000.00.

The Executive Director, Oklahoma Water Resources Board, on August 23, 1962, requested an opinion from the Attorney General of the State of Oklahoma and pursuant thereto the Attorney General gave

an official opinion dated October 8, 1962. The Attorney General stated that:

"1. The filing of definite project plans by the Bureau of Reclamation with the Oklahoma Planning and Resources Board on February 9, 1951, established that priority date for the use of water to support the Cobb Creek and Foss reservoir projects, and,

"2. The filing of those plans met the requirements of Section 91, Title 82 O.S. 1951 for the withdrawal of water by the United States."

The reservoir and aqueduct system as set forth in the plan by the letter of February 9, 1951, were begun in 1957, and the gates on Foss Reservoir closed in February 1961.

There is at this time approximately 118,000 acre feet of water impounded in the Foss Reservoir, and there has been more than 66,900 acre feet impounded there at all times since September, 1962.

On appeal the District Court modified the order of the Board, and established the priority for the vested rights in surface waters in the United States and the District in the amount of 66,900 acre feet as of February 9, 1951. The order was affirmed in all other respects. The Court based its decision on the Bureau of Reclamation letter dated February 9, 1951, the Attorney General's opinion dated October 8, 1962, and the expenditure of approximately $27,000,000 by the United States for the reservoir and aqueduct system.

The Court found that the Board was not in a position to allocate vested surface water rights in 1969 which would deny to the District the needed acre feet of vested rights which had been contemplated during the planning and construction of the project. We agree.

The Board argues that the federal government failed to comply with the provisions of 82 O.S. 1951 § 91, in that the 1951 letter and accompanying plans were not specific enough, and that they were not submitted by a proper officer authorized by law to submit plans for the proposed works, because the plan was not approved by Congress until 1956. They claim, therefore, that the District is precluded from claiming a 1951 priority date to the entire 66,900 acre feet of water.

The applicable statute, 82 O.S. 1951 § 91, provided:

"Whenever the proper officers of the United States, authorized by law to construct works for the utilization of waters within the state, shall notify the State Engineer [1] that the United States intends to utilize certain specified waters, the waters so described, and unappropriated at the date of such notice, shall not be subject to further appropriation under the laws of this State, for a period of three years from the date of said notice, at which time the proper officers of the United States shall file plans for the proposed works in the office of the State Engineer for his information, and no adverse claim to the use of the waters required in connection with such plans, initiated subsequent to the date of such notice, shall be recognized under the laws of the State, except as to such amount of the water described in such notice as may be formally released in writing by an officer of the United States, thereunto duly authorized; Provided, that in case of failure to file plans for the proposed work within three years, as herein required, the water specified in the notice given by the United States to the State Engineer shall become public water, subject to general appropriation.

■ The Board also alleges that the letter was not submitted by proper officer authorized by law to submit plans for the proposed works in accordance with 82 O.S. 1951 § 91 because the plan was not approved by Congress until 1956. Section

1. Powers and duties transferred to Oklahoma Planning and Resources Board."

9(a) of the Reclamation Project Act of 1939, 43 U.S.C. § 485h provides:

" * * * If the proposed construction is found by the Secretary to have engineering feasibility and if the repayable and returnable allocations to irrigation, power, and municipal water supply or other miscellaneous purposes found by the Secretary to be proper, together with any allocation to flood control or navigation under subsection (b) of this section, equal the total estimated cost of construction as determined by the Secretary, then the new project, new division of the project, or supplemental works on a project, covered by his findings, shall be deemed authorized and may be undertaken by the Secretary * * * ."

This authority had been delegated by the Secretary to the Commissioner of Reclamation and thence to the Regional Director by the departmental manual and instructions. We find no validity in the argument that the submission of the plan by the Regional Director of the Bureau of Reclamation was unauthorized.

█ The Board also argues that the 1951 priority date is not available to the federal government, because a hydrographic survey is required by 82 O.S. 1951 § 11, and that this was not completed until 1957. The Board is in direct conflict with itself on this point, since it awarded priority dates of as early as 1903 in its order. Under the contention advanced by the Board, all priorities antedating 1957 would be non-existent. The hydrographic survey is not necessary to the establishing dates of priority. In the case at bar, the District does not contend that the permit was issued to the federal government on February 9, 1951, but that the priority of the District as to the unapportioned waters serving the reservoir should be February 9, 1951.

█ The District asserts that its priority date of February 9, 1951, was established when the transmittal letter and plans were received, and that they were sufficient to satisfy the requirements of the statute. While the transmittal letter of February 9, 1951, was not specific in describing the unappropriated water, the letter, together with the comprehensive plans which accompanied it, did point out with sufficient specificity the intent of the federal government to appropriate the water on that date.

The Oklahoma Planning and Resources Board, the Oklahoma Water Resources Board, and the governor of the State of Oklahoma, recognized the validity of the appropriation by the federal government. The Attorney General rendered an opinion to the same effect. It was only after eighteen years that a contra position was asserted.

The purpose of the statute was to give notice to the state of the intention of the federal government to utilize certain waters. The stipulated facts make it readily apparent that not only was notice acknowledged, it was enthusiastically heralded. We find that there was substantial compliance with the statute. The evidence shows that the purpose of the statute was served. See Kasner v. Stamire, 195 Okl. 80, 155 P. 2d 230, 232 (1945).

Affirmed.

All Justices concur.