2014 OK CIV APP 26

**R & R ENGINEERING CO., INC.,**
Plaintiff/Appellant,

v.

**BOARD OF REVIEW OESC, OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Defendant/Appellee,**

and

**David A. Booth, defendant.**

**No. 110355.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 14, 2014.

James R. Hicks, Morrel Saffa Craige, P.C., Tulsa, OK, for Plaintiff/Appellant.

Teresa Thomas Keller, Robert C. Newark, III, Oklahoma City, OK, for Defendant/Appellee.

ROBERT D. BELL, Presiding Judge.

¶ 1 Plaintiff/Appellant, R & R Engineering Co., Inc. (Employer), appeals from the district court's order affirming the opinion of Defendant/Appellee, The Board of Review (Board) of the Oklahoma Employment Security Commission (Commission). The Board's opinion determined Employer is not an interested party to the unemployment claim of Defendant, David Booth (Claimant). On appeal, Employer asserts the district court erred in law and fact in affirming the Board's opinion because Claimant voluntarily resigned from employment after violating Employer's drug use policy. We hold the district court erred in affirming the Board's opinion and reverse and remand this matter to the Commission for further proceedings consistent with this opinion.

¶ 2 Claimant was employed by Employer from January 6, 1997, until his resignation October 30, 2009. When he was employed, Claimant signed a conditional job offer which advised he would be subject to drug screening as determined necessary by Employer. Claimant also signed a work rules document which advised his employment could be terminated for the illegal use of drugs on Employer's property. Employer adopted a "Drug & Alcohol Testing Policy" on November 1, 2007, pursuant to 40 O.S.2001 § 551, *et seq.*, Standards for Workplace Drug and Alcohol Testing Act. On October 8, 2009, Employer administered a drug test to Claimant at its facility in Tulsa. Claimant tested positive for methamphetamine and four other drugs. Employer informed Claimant that he could voluntarily resign or be terminated. Claimant elected to resign his employment and signed a letter of resignation on October 30, 2009.

¶ 3 Claimant applied for unemployment benefits sometime in December 2009. A notice of application for unemployment compensation was sent to Employer. The notice advised Employer it may file written objections to the claim and stated: "[i]f this individual voluntarily quit work or was fired for misconduct, your reply **must include** full details." (Emphasis in original.) The notice further stated: *"Failure to provide full details may prevent you, the employer, from being an interested party to the claim."* (Emphasis in original.)

¶ 4 After receiving the notice, Employer timely sent a letter protest to the Commission stating:

On October 30, 2009, David was given the option to resign from the Company or be fired for breaking a serious work rule. David asked for a letter to be drawn up stating that he resigned and signed it the same day.

On December 21, 2009, the Commission sent Employer a form entitled: "Employer Statement for Discharge/Drug Test-rc1542." This form requested Employer to remit more information about the separation, within two (2) days, by December 23, 2009. Employer submitted the additional information on December 29, 2009, along with a cover letter apologizing for the late submission. Employer explained most responses are allowed ten (10) days, not just two (2) days. Employer's response informed the Commission that Claimant requested to resign as a result of the positive drug test which was attached to the remittance.

¶ 5 Thereafter, the Commission issued a Notice of Determination which acknowledged the receipt of Employer's letter protest, but found the letter protest did not contain specific facts regarding the separation as required by 40 O.S. Supp.2008 § 2–503(E) of the Employment Security Act of 1980 (the Act), 40 O.S.2001 § 1–108, *et seq.* Section 2–503(E)(2) provided the employer must set forth the facts which "[d]isqualify the claimant from benefits under Sections 2–401 through 2–418 of this title." Based on that finding, the Commission determined Employer would not be considered an interested party to the claim.

¶ 6 Employer requested an appeal on the basis that Claimant was disqualified from receiving benefits under 40 O.S. Supp.2008 § 2–404 because he voluntarily left employment. Section 2–404(A) provided: "An individual shall be disqualified for benefits for leaving his or her last work voluntarily without good cause connected to the work, if so found by the Commission." After a telephone hearing, the hearing officer of the appeal tribunal issued an Order of Decision which found:

> The claimant was effectively discharged. He was given the choice of being fired or resigning. He elected to resign. However, he was being discharged. The employer's protest did not state why he was being discharged or why he was given the choice of resigning in lieu of discharge. It did not contain adequate facts showing why the claimant should be discharged.

The appeal tribunal affirmed the Commission's determination and held Employer "is not to be deemed an interested party in connection with the subject claim."

¶ 7 Employer filed an appeal to the Board of Review. Employer contended it complied with § 2–503 because it demonstrated Claimant voluntarily left work and Claimant did not demonstrate "good cause" to voluntarily leave work under § 2–405.[1] The Board of Review issued an opinion which affirmed the

appeal tribunal hearing officer's determination that Employer's protest did not contain specific information; therefore, Employer cannot be considered an interested party to the claim. Employer petitioned for review before the district court. The district court affirmed the Board's opinion. Employer now appeals the district court's order to this Court.

¶ 8 "[T]he district court sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript and the argument of the respective attorneys thereon." *Vester v. Board of Review of Okla. Employment Sec. Comm'n,* 1985 OK 21, ¶ 10, 697 P.2d 533. "[T]he district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced." *Id.*

¶ 9 On appeal, Employer contends the Board's determination that it was not an "interested party" was erroneous as a matter of law. Employer argues it provided sufficient facts to apprise the Commission of the basis of Employer's protest under § 2–503. Employer specifically submits its evidence clearly established Claimant resigned without good cause and his voluntary resignation disqualified him from receiving benefits pursuant to § 2–404.

¶ 10 Commission counters if an employee is given the option of resigning or being terminated, the employee's action is not a voluntary resignation, but is instead, a constructive discharge. Commission also contends Employer was warned that failure to provide full details concerning the job separation could prevent it from being an interested party to the claim and that the scant information provided by Employer was inadequate to determine whether Claimant was entitled to unemployment benefits.

¶ 11 The primary issue is whether Employer's protest complied with the evidentiary requirements set forth in the Commis-

---

1. The relevant portion of 40 O.S. Supp.2006 § 2–405 stated:

> Good cause for voluntarily leaving work under Section 2–404 of this title may include, among other factors, the following:

    1. A job working condition that had changed to such a degree it was so harmful, detrimental, or adverse to the individual's health, safety, or morals, that leaving the work was justified.

sion's notice and whether Employer qualified as an "interested party." Under Oklahoma Administrative Code (OAC) 240:10–1–2(A) of the Rules of the Oklahoma Employment Security Commission (2013), an "Interested Party" is defined as:

In an unemployment claim appeal—the Commission, a claimant who files a claim for unemployment benefits with the Commission, and any employer who properly files a written objection to the claim pursuant to 40 O.S. § 2–503(E).

The rules and regulations enacted by administrative agencies pursuant to the powers delegated to them have the force and effect of law and are presumed to be reasonable and valid. *Kifer v. Oklahoma Tax Comm'n,* 1998 OK CIV APP 34, ¶ 10, 956 P.2d 162.

¶ 12 The question is whether Employer properly filed a written objection pursuant to § 2–503(E). Strict compliance with the statute's procedural requirements for filing administrative appeals is mandatory. *Oklahoma Found. for Med. Quality v. Dep't of Cent. Servs.,* 2008 OK CIV APP 30, ¶ 13, 180 P.3d 1. However, the dispositive issue here does not involve the timely commencement of a protest or review in an administrative proceeding; instead, it concerns the "sufficiency" and "specificity" of Employer's written objection to Claimant's unemployment compensation claim and whether such protest qualified Employer as an "interested party."

¶ 13 After reviewing the Commission's rules and the statute, this Court does not find the governing statute requires verbosity and exactitude as submitted by Commission. Instead, the purpose of the "specificity" requirement is to enable the Commission to determine which exclu-

sion is applicable. Even OAC 240:10–3–23(e)(2) and (3)[2] require the Commission's representative to accept written and verbal statements from the employer and to take any action to determine the facts and rights of the employer and claimant.

¶ 14 Based on the foregoing analysis, this Court holds substantial compliance with the specificity requirement of § 2–503(E) is sufficient. Substantial compliance with a statute is demonstrated if it is made to appear the statute's purpose is shown to be served. *Kasner v. Stanmire,* 195 Okla. 80, 155 P.2d 230. The record demonstrates Employer *persistently* protested Claimant's claim and pursued all avenues for administrative review. While Employer's protest was not technically laced with artfully intricate detail, Employer's initial protest and its response to the Employer Statement for Discharge/Drug Test-rc1542 substantially complied with the statute's specificity requirement. Employer specified Claimant was given a choice of being fired or resigning due to his positive drug test. There was no conjecture or speculation as to the reasons why Employer offered resignation. We recognize Employer's response to the Statement for Discharge, which was due in only two days, was submitted eight days late. However, no prejudice would have resulted if the Commission had accepted Employer's response as timely and sufficient to qualify Employer as an "interested party." Based on these facts, Employer's protest substantially complied with the statute's specificity requirement and therefore Employer was an interested party in the protest.

¶ 15 The Board's conclusion that Employer is not an interested party is unsupported by

---

2. OAC 240:10–3–23(e) entitled "Determination of eligibility for benefits" states:
   (1) A Commission representative shall determine claimant's eligibility for benefits.
   (2) A Commission representative shall accept written and verbal statements from the claimant and the employer.
   (3) A Commission representative shall take any action necessary to determine the facts and to determine the rights of both the employer and claimant.
   (4) A Commission representative shall write a determination which must include the following:

   (A) An explanation of the parties' appeal rights;
   (B) A summary of pertinent facts;
   (C) The reasons for allowing or denying benefits; and
   (D) The conclusion or legal results of the decision.
   (5) Any interested party may appeal a determination. The appeal shall be filed with the Commission. When the appeal is filed, all interested parties shall be notified.

the law and facts. Accordingly, the district court erred in affirming the Board's opinion. The district court's order is therefore reversed and this matter is remanded to the Commission for further proceedings. Because this Court reverses and remands this matter, it is unnecessary to address whether the district court erred as a matter of both law and fact in affirming the Commission's award of benefits. Employer will have ample opportunity, on remand, to present evidence in support of its protest that Claimant voluntarily resigned from employment without good cause connected to the work, and thus, is disqualified for unemployment benefits under § 2–404.

¶ 16 REVERSED AND REMANDED.

MITCHELL, J., and GOREE, J., concur.